Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JOMAR OTERO CRUZ  Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Recurrido | TA2025RA00087 | REVISIÓN ADMINISTRATIVA Procedente del DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Sobre: Respuesta de reconsideración de evaluación del centro de tratamiento residencial de Arecibo |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de agosto de 2025.

El 11 de julio de 2025[1], se recibió en este Tribunal de Apelaciones un documento sometido por derecho propio por Jomar Otero Cruz (en adelante, señor Otero o recurrente). En el mismo, el recurrente informa que el 5 de junio de este año, radicó recurso de reconsideración ante el Centro de Tratamiento Residencial de Arecibo. Indicó no estar de acuerdo con la determinación tomada por el coordinador del programa, por lo que solicitaba revisión de esta. El recurrente acompañó su escrito con copia de una *Resolución* **emitida el 17 de junio de 2025, notificada el 7 de julio**, por el Programa de Desvío y Comunitarios del Departamento de Corrección y Rehabilitación (en adelante, Departamento).

Luego de evaluar el documento sometido por el señor Otero, prescindimos de la comparecencia de la parte recurrida y procedemos a desestimar el recurso por ser académico. Veamos por qué.

---

[1] Para fines de nuestra evaluación es importante señalar y hacer la distinción, que el recurso fue presentado ante el Tribunal de Apelaciones en esa fecha, sin embargo fue preparado y firmado por el recurrente el 17 de junio de 2025.

En el escrito presentado, el señor Otero informa que el **5 de junio de 2025**, presentó un recurso de reconsideración ante el Centro de Tratamiento Residencial de Arecibo. Además, manifiesta no estar de acuerdo con la decisión tomada por el Coordinador del Programa, por lo que solicitaba revisión de esta. El legajo apelativo revela que el descontento al que se refiere el recurrente es sobre la determinación que se encontraba ante la consideración del Departamento para su reconsideración.[2] Similarmente, el legajo apelativo demuestra que el Departamento no solamente atendió la reconsideración, sino que confirió la misma. Por consiguiente, al haberle dado la razón, se extinguieron las controversias en cuanto a su reclamo. Eso convierte el recurso en uno académico.

Un caso se convierte en académico cuando "la cuestión en controversia pierde eficacia ante el paso del tiempo, ya sea porque ocurrieron cambios en los hechos o en el derecho y esta se vuelve inexistente. Super Asphalt Pavement Corp. vs. AFI, 206 DPR 803 (2021), al citar a Pueblo v. Díaz, Rivera, 204 DPR 472, 481 (2020). Una vez se determina que el caso es académico, los tribunales deben abstenerse de considerarlo. *Id.*

**-IV-**

Por las razones arriba consignadas, desestimamos el recurso de epígrafe por falta de jurisdicción por ser académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Aunque la *Resolución* **que atendió la reconsideración** de la parte recurrente anejada al recurso, **fue emitida el mismo día en que el recurrente preparó su escrito de revisión (17 de junio de 2025), al examinarla puede notarse que la misma no le fue notificada hasta el 7 de julio de 2025.** Entiéndase, en una fecha posterior a la de la preparación del recurso que tenemos ante nuestra consideración.